Hewes v. Village of Crete.

68 305
168s 330
68 305
175s 349

# Fidelia L. Hewes and J. C. Doescher v. Village of Crete.

1. REAL ESTATE—*Binding Effect of Plats.*—A village was surveyed and platted and the plat duly acknowledged and filed for record. *Held*, that a mistake in the original survey could not be corrected by a resurvey, and that the public as well as private parties who had purchased by the recorded plat must be governed by it.

2. STREETS—*Abandonment of.*—Where land was platted as part of the streets of a village, but was afterward fenced and occupied for twenty-two years before the organization of the village, and was held for thirteen years after such organization, any right of the village to such land was held to have been abandoned.

3. DEDICATION—*Not Binding Until Accepted.*—An acceptance of land dedicated for a street must be held to have been made in view of the conditions as they existed at the time of the acceptance, and a piece of land which was conveyed and fenced after the dedication, but previous to the acceptance, will be held to have been withdrawn from such dedication.

Agreed Case, submitting for decision the right of a village to use certain land as a street. Appeal from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1896. Reversed with directions. Opinion filed December 9, 1896.

HILL, HAVEN & HILL, attorneys for appellants.

C. W. BROWN, attorney for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an agreed case, submitting to the determination of the Circuit Court the following questions, viz. :

1. As to whether or not certain fences of appellant, extending from the north line of North street, on or near the west line of Benton street, in front of properties owned by appellants, in the village of Crete, were upon the true west line of Benton street.

2. If such fences were not on the true west line of Benton street, in front of the properties, then how far to the

east or west of where they then stood, said true west line was or should be.

3. If said fences should be found not to be upon the true west line of Benton street, in front of said properties, then whether or not, as against the village of Crete, the owners of said properties were or were not entitled to have and maintain said fences as they then stood. And it was stipulated that if said fences were not on the true west line of Benton street, and the owners were not entitled to maintain them where they then stood, the costs should be taxed against appellants, and the court should have the power to order the removal of the fences and enforce its decree as in other cases. And it was further stipulated that if said fences were on the true line, or if the owners were entitled to maintain them where then located, the costs should be taxed against appellee. Either party was to have the right of appeal to the Appellate or Supreme Court.

The court below found against appellants, that the fences were not upon the true west line of Benton street in front of the properties of appellants, but stood east of such west line some twelve or more feet, and ordered appellants to remove them within sixty days, and in default thereof the officers of the village of Crete were authorized to make such removal, and the costs of the proceeding were ordered to be taxed against appellants. The appellants excepted to this order or decree of court, and prosecute this appeal.

The village of Crete was surveyed and platted by Jedediah Woolley, county surveyor of Will county, October 5, 1848, for Willard Wood, who duly acknowledged the plat May 12, 1849, on which date it was filed for record. The village of Crete was not incorporated until the year 1880.

We think the rights of the parties must be ascertained by reference to the Woolley plat which shows the east line of Benton street to be located upon the section line. Even if in surveying Woolley made an error, we think it can not now be corrected by a resurvey, but the public, as well as private parties who have purchased by the recorded plat, must be governed by it. We are of the opinion further, that inas-

much as the fences in question were erected many years before the village of Crete came into being, and have been maintained where they are now located for some thirty-five years or more, the public must be held to have lost the strip in controversy by abandonment, even if it ever had it. In fact this strip was never accepted by the public authorities. The acceptance of the dedication must be held to have been made, if at all, in view of the fences as they existed at the time, and as the strip in controversy, by conveyances and fencing, was withdrawn from the dedication offered by the plat before there was any acceptance, the public acquired no rights therein.

The decree is reversed, with directions to the Circuit Court to enter a decree finding for appellants, and that their fences are on the true west line of Benton street, and that they have a right to maintain them where they are now located, and the costs will be taxed against appellee in accordance with the agreement.    Reversed with directions.